MR. JUSTICE MORRISON
delivered the Opinion of the Court.
This Court has accepted jurisdiction to determine a question of state law certified by the United States District Court for the District of Montana.
Petitioner Dale Cox is an attorney practicing in Glendive, Montana. Respondents are Lee Enterprises, Inc. and the Billings Gazette, a division of Lee Enterprises, Inc. The following statement of facts is taken from the federal court’s order certifying the question to this Court.
In 1971, Laura Thomas was involved in an auto accident and Cox was retained to represent her. Cox settled the case with the insurance company, and because Laura was a minor with no living parents, a legal guardian was appointed and the settlement money was placed in the guardianship. Due to apparent physical and mental impairments existing since childhood, Laura’s guardianship continued beyond her age of majority. In 1978, five years after legally becoming an adult, Laura had the guardianship terminated and the remaining funds distributed to her.
On May 27, 1980, Laura filed a complaint against Cox in the United States District Court for the Western District of Washington alleging injuries resulting from unnecessary extension of the guardianship. On June 8,1980, prior to the time Cox had been served with the complaint, the Billings Gazette published an article paraphrasing and quoting allegations against Cox listed in the complaint. The case was subsequently transferred to the United States District Court for the District of Montana; by opinion dated December 23, 1982, the federal court entered summary judgment in favor of Cox.
Cox filed a defamation action against the Billings Gazette and Lee Enterprises, Inc., for publication of the June 8,1980, article. In their answer, respondents raised the affirmative defense that the news article was privileged under Section 27-1-804(4), MCA, because it was a fair and accurate report without malice of a judicial proceeding. Following briefing and oral argument the federal court issued an order dated January 16, 1986, certifying the following question of law to be answered by this Court:
“Under the law of the State of Montana, is the defense of privilege available to a newspaper publisher in a defamation case when the *529 alleged defamation consists of facts taken from preliminary judicial pleadings which have been filed in court but which have not been judicially acted upon?”
The applicable statue is Section 27-1-804(4), MCA, which makes a fair and true report without malice of a judicial proceeding a privileged publication. Respondents contend “judicial proceeding” should be construed to encompass the filing of a complaint. We agree.
“Judicial proceeding” is not defined within the Montana Code. Therefore, we look to the approved usage of the term or the, appropriate meaning in law. Section 1-2-107, MCA.
Included in the common definition of “proceeding” is “legal action,” Webster’s New Collegiate Dictionary, 910 (1979), and “the instituting or conducting of litigation,” American Heritage Dictionary, 987, Second College Edition (1985). Black’s Law Dictionary, 986, (4th ed. 1968), lists the following definitions of “judicial proceeding:” “Any proceeding wherein judicial action is invoked and taken;” “Any proceeding to obtain such remedy as the law allows;” “Any step taken in a court of justice in the prosecution or defense of an action.”
We look to plain meaning of words because our paramount task in statutory construction is to determine what legislators intended when they phrased the statute. Most are lay people and we look to common usage in honoring legislative purpose.
Application of the above definitions leads us to a finding that the filing of a complaint was intended to be included within the phrase “judicial proceeding.”
The modern trend is to apply a qualified privilege to reports of judicial pleadings which have not yet been the subject of judicial action. In fact most jurisdictions hold that a complaint is part of the judicial proceeding. The rationale is explained by an Illinois court in Newell v. Field Enterprises, Inc., (Ill.App.1980) 91 Ill.App. 3d 735, 415 N.E.2d 434. That court said:
“Certainly, the administration of justice is of utmost importance to the citizenry. While we are aware that pleadings are one-sided and may contain, by design, highly deflamatory [sic] statements, we believe the information found in such pleadings is of sufficient value as to warrant the encouragement of its publication.”
415 N.E.2d 444.
The right to inspect pubic documents and be fully informed of *530 their contents finds strong expression in our state constitution. Article II, Section 9 provides:
“Right to know. No person shall be deprived of the right to examine documents or observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.”
A broad interpretation of the privilege is statutorily supported by the right to inspect public documents, Section 2-6-102, MCA, and the right to public sittings of the courts, Section 3-1-312, MCA. A complaint is a public document pursuant to Section 2-6-101, MCA. These statutes reflect Montana’s commitment to the public’s right to know what is occurring within the judicial system, including the filing of civil suits.
Our function is not to determine whether the Billings Gazette should respond in damages. That question will be decided by a jury in federal court. Fairness, truth and malice will be at the controversy’s core. The qualified privilege exists only where the report was true, fair, and published without malice.
Our task is to answer the certified question. This court did not enact the statute in question and does not rule on its wisdom.
We hold that pursuant to Section 27-1-804(4), MCA, a qualified privilege is available as a defense for a newspaper publisher in a defamation case when the alleged defamation consists of facts taken from preliminary judicial pleadings which have been filed in court but which have not been judicially acted upon.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER and HUNT and MR. CHIEF JUSTICE HASWELL, Retired, sitting for MR. JUSTICE GULBRANDSON, concur.